UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LIONEL VINCENT HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 5: 17-185-JMH |
| V. ) | |
| ) | |
| DR. S. STENSON, et al., ) | |
| ) | **MEMORANDUM OPINON** |
| Defendants. ) | **& ORDER** |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate Lionel Vincent Heard is incarcerated at the Federal Medical Center ("FMC") – Lexington located in Lexington, Kentucky. Proceeding without an attorney, Heard has filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]

**I.**

The Court must conduct a preliminary review of Heard's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Heard's complaint, the Court affords it

a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

As an initial matter, the complaint filed by Heard is quite difficult to follow. The "complaint" consists of a form complaint of unknown origin (it is not the form approved for use by this Court), followed by pages of narrative allegations into which various attachments, print-outs, isolated quotes from legal treatises, and other exhibits are randomly inserted. The result is a disjointed, confusing pleading that is very difficult to understand.

However, notwithstanding the confusing presentation of Heard's claims, the gist of Heard's complaint appears to be that prison officials at FMC-Lexington wrongfully denied Heard placement in a Residential Re-Entry Center (RRC), also known as a halfway house, despite his near completion of the Bureau of Prison's (BOP's) Residential Drug Abuse Program (RDAP).[1] [*Id*. at

---

[1] The RDAP is a program through which qualified federal inmates receive various incentives for participating in drug abuse treatment programs. 28 C.F.R. § 550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

p. 4-5]. According to Heard, while nearing completion of the RDAP, he was referred to Dr. Stenson and "Medical Dr. Dankwa" for RRC placement; however, on November 6, 2015, Heard's Unit Team received documentation from "Dr. Harvey of the Regional Clinic Consultant (CSA) Central Sector Administrator," who had determined that Heard was not appropriate for RRC placement due to his current medical condition. [*Id*. at p. 5].

Although it is not entirely clear, Heard appears to be claiming that officials at FMC-Lexington acted fraudulently by permitting him to participate in the RDAP, notwithstanding the fact that he may not actually earn a year off of his sentence because of medical issues. He further suggests that prison officials were incentivized to enroll more prisoners in the RDAP because of "bad faith quotas" and that the "fraudulent" coercion of inmates to participate in the RDAP, even though these inmates may not be eligible for a sentence reduction because of medical concerns, constitutes cruel and unusual punishment in violation of the Eighth Amendment. [*Id*. at 14]. He also appears to suggest that prison officials violated his Fifth Amendment due process rights by removing him from the RDAP and preventing him from being eligible for a sentence reduction. In addition, he claims that the BOP's failure to respond to his administrative grievances violated his Fifth Amendment due process rights. [*Id*. at 14-15].

**II.**

A complaint must set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Applying these standards, the Court must dismiss Heard's complaint for failure to state a claim.

First, to the extent that Heard seeks to sue Defendants in their official capacities, his claims fail. A suit against a government employee in his or her "official capacity" is not, as one might suppose, a suit against the employee for his or her conduct while performing job duties for the government. It is, in fact, a suit against the government agency that employs the individual. Thus, an official capacity suit against a BOP employee is a suit against the BOP, which is a federal agency. While *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims

4

may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

Heard's claims against Defendants in their individual capacities fare no better. While *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft*, 556 U.S. at 676-677. *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

Here, Heard does not allege that Defendants Francisco Quintana (Warden of FMC-Lexington), J.F. Caraway (BOP Regional Director), Ian Connors (Administrator in BOP's Central Counsel's Office) or "Ms. Chaney" (Anteas Unit Counselor at FMC-Lexington) were personally involved in the decision to deny Heard placement in an RRC due to his medical condition. At most, he suggests that they failed to adequately respond to Heard's administrative grievances filed with the BOP with respect to his participation in the RDAP and the denial of his placement in an RRC. However,

*Bivens* liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004)(citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)).

With respect to Quintana, Heard also suggests that, as Warden, he is responsible for the conduct of his employees, such that, if there were problems with the administration of the RDAP program at FMC-Lexington, Quintana should ultimately be responsible. However, such a claim seeks to impose liability upon Quintana for his employees' conduct, a form of sweeping supervisory liability which is unavailable in a *Bivens* action: "[i]n a § 1983 suit or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer." *Ashcroft*, 556 U.S. at 677 (2009). *See also Ziglar*, 137 S.Ct. at 1860. Thus, Heard fails to state a claim against Quintana for which relief may be granted.

Construing Heard's complaint as broadly as possible, his last remaining claim seeks to impose liability against Dr. Stenson in his individual capacity for his failure to place him in an RRC. First, it is not clear from the allegations of Heard's complaint the involvement, if any, of Dr. Stenson in making the determination that Heard should not be placed in an RRC because of his medical

6

condition.  However, even if Dr. Stenson had been involved in this decision, the BOP's determinations regarding halfway house placement are expressly insulated from judicial review under the APA.  18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.").  Cf. *Woodard v. Quintana*, No. 5:15-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).  "When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' and the treatment programs (if any) in which he may participate."  *Tapia v. United States*, 564 U.S. 319, 331 (2011)(citing 18 U.S.C. §§ 3621(b), (e), (f); 3624(f); 28 C.F.R. pt. 544 (2010)).  Thus, even if "a prisoner successfully completes the RDAP, the BOP retains the discretion to deny early release." *Heard v. Quintana*, 184 F. Supp.3d 515, 519 (E.D. Ky. 2016).  *See also Orr v. Hawk*, 156 F.3d 651, 653 (6th Cir. 1998) (explaining that the BOP has "substantial discretion" under the statute).

Moreover, given this "broad discretion left to the BOP, prisoners have no protected liberty or property interest in participating in a RDAP, and are not denied due process if they are removed from the program."  *Heard*, 184 F. Supp.3d. at 519; *see also Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950,

*2 (6th Cir. 2000) ("[T]here is no liberty interest in a reduced sentence, and § 3621(e)(2)(B) does not afford such an interest."). Thus, to the extent that Heard challenges Dr. Stenson's and/or the BOP's determination with respect to his participation in an RDAP (including his placement in an RRC) on constitutional grounds, any such challenge fails as a matter of law.

### III.

For all of these reasons, Heard fails to state a claim for which relief may be granted against any of the named Defendants.

Accordingly, **IT IS ORDERED** that:

1. Heard's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.
2. **JUDGMENT** shall be entered contemporaneously with this Order.
3. This action is **STRICKEN** from the Court's active docket.

This 8th day of February, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge